# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| DAVID A. BLANCO, | : | |
| Plaintiff, | : | Civil Action No.: 22-1883 (RC) |
| v. | : | Re Document Nos.: 22, 30 |
| CHRISTINE E. WORMUTH, | : | |
| Defendant. | : | |

## MEMORANDUM OPINION

DENYING PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND EXPENSES; DENYING PLAINTIFF'S SUPPLEMENTAL MOTION FOR ATTORNEYS' FEES AND EXPENSES

## I. INTRODUCTION

David Blanco filed suit against Christine Wormuth, in her official capacity as Secretary of the Army ("the Army"), claiming that the Army Board for the Correction of Military Records ("ABCMR") violated the Administrative Procedure Act ("APA") by denying his application to remove certain adverse information from his military records. The Court subsequently granted Blanco's motion for summary judgment, denied the Army's cross-motion for summary judgment, remanded the case to the ABCMR to "reassess Plaintiff's claims within the next 180 days," *Blanco v. Wormuth*, No. 22-cv-1883, 2023 WL 6809940, at *8 (D.D.C. Oct. 16, 2023), and ordered the parties to submit a status report within fourteen days of the ABCMR's reconsidered decision, Order at 1, ECF No. 20. Following the Court's remand order, Blanco filed a motion for attorneys' fees and expenses under the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(A). He filed a supplemental motion for additional fees and costs after the ABCMR rendered a decision favorable to him on remand. For the reasons that follow, the Court denies both motions.

## II.  BACKGROUND

The Court's earlier opinion described the background of this case in detail.  *See Blanco*, 2023 WL 6809940, at *1–3.  The ensuing discussion will therefore relate only those details that are relevant at this stage in the proceedings or otherwise most central to the case.

Blanco, a former enlisted soldier and, later, officer, in the U.S. Army Reserves, was "allegedly found sleeping while on duty and then willfully disobeyed an order to stand 'at ease'" while serving a combat tour in Afghanistan in 2004.  *Id.* at *1.  That was "not the first time Blanco had been accused of sleeping while on duty" and thus he "was issued a non-judicial punishment ("NJP") under Article 15 of the Uniform Code of Military Justice."  *Id.*  Several years later, "[w]hile attending the Infantry Basic Officer Leadership Course," Blanco and a group of students went out to dinner.  *Id.*  At the restaurant, Blanco videotaped one of the students—a visiting officer from Afghanistan—eating ribs.  *Id.*  Unbeknownst to the visiting officer (who was Muslim), the ribs were made of pork, and Blanco hoped to elicit and record a "funny" reaction when the visiting officer learned that fact.  *Id.*  For this, Blanco was issued a general officer memorandum of reprimand ("GOMOR") for "conduct unbecoming of an officer for exercising extreme insensitivity toward the religious practices of an Afghan officer."  *Id.*

In May 2020, Blanco petitioned the ABCMR to remove the NJP and the GOMOR from his military record.  *Id.* at *3.  Nearly two years later, the ABCMR denied Blanco's request.  *Id.*  Dissatisfied with the ABCMR's decision, Blanco filed suit in federal court.  *Id.* at *4.  Generally speaking, Blanco claimed that the ABCMR violated the APA by denying his petition without considering or resolving his arguments.  *See id.* at *5–6; *see also* Compl. ¶ 38, ECF No. 1 ("The [ABCMR] concluded, without discussion or support for its reasons, that criteria for removal of

2

the GOMOR was not met."); *id.* ¶ 48 ("The [ABCMR] failed to consider or specifically address whether the criteria for removal of the NJP were met.").

The parties cross-moved for summary judgment. *See* Pl.'s Mot. for Summ. J., ECF No. 11; Def.'s Cross-Mot. for Summ. J., ECF No. 13. Upon review of the parties' motions and the ABCMR's decision, the Court agreed with Blanco that the ABCMR had failed to engage with non-frivolous arguments that Blanco had raised in his petition. *See Blanco*, 2023 WL 6809940, at *6–7. The Court explained that the ABCMR had "scarcely grapple[d] with any of Blanco's evidence, which the ABCMR spen[t] 18 of 19 pages simply recounting or parroting before rejecting." *See id.* at *5. Ultimately, "because the ABCMR did not address certain of Blanco's arguments that appear to be non-frivolous and potentially meritorious," the Court held that the agency's decision was "arbitrary and capricious." *Id.* at *8. Although the Court "d[id] not take a position on the substance of Blanco's [underlying] request for relief"—his request that adverse information be stricken from his military record—the Court "remand[ed] the matter to the ABCMR" for reconsideration. *Id.* In doing so, the Court further ordered that the ABCMR "reassess [Blanco's] claims within the next 180 days." *Id.* And it ordered the parties to file a joint status report fourteen days "after the agency renders a decision." Order at 1.

After successfully obtaining remand, Blanco filed this motion to recover fees and expenses*. See* Pl.'s Mot. for Attorneys' Fees and Expenses Under the Equal Access to Justice Act ("Pl.'s Mot."), ECF No. 22. The Army opposed Blanco's request for fees, *see* Def.'s Mem. in Opp'n to Pl.'s Mot. for Attorneys' Fees ("Def.'s Opp'n"), ECF No. 28, and Blanco filed a reply, *see* Mem. of P. & A. in Reply to Def.'s Opp'n to Pl.'s Mot. for Attorneys' Fees ("Pl.'s Reply"), ECF No. 29. While Blanco's motion was pending, the ABCMR, on remand, granted Blanco the relief he sought on the merits. *See* Pl.'s Reply at 2. Blanco thereafter filed a

supplemental motion for attorneys' fees and expenses, *see* Pl.'s Suppl. Mot. for Attorneys' Fees and Expenses Under the Equal Access to Justice Act ("Pl.'s Suppl. Mot."), ECF No. 30, which the Army again opposed, *see* Def.'s Opp'n to Pl.'s Suppl. Mot. for Attorneys' Fees and Expenses, ECF No. 31. Blanco's motions are ripe for review.

### III. LEGAL STANDARD

The Equal Access to Justice Act ("EAJA") allows a plaintiff "to obtain expenses in litigation against the federal government." *Select Milk Producers, Inc. v. Johanns*, 400 F.3d 939, 941 (D.C. Cir. 2005). Specifically, the statute authorizes courts to "award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . , unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). To recover attorneys' fees, costs, and expenses under the EAJA, a claimant must therefore show "(1) that the claimant [was] a 'prevailing party'; (2) that the government's position was not 'substantially justified'; (3) that no 'special circumstances make an award unjust'; and, (4) that pursuant to 28 U.S.C. § 2412(d)(2)(B), [the claimant] satisf[ies] all of the EAJA's threshold eligibility requirements." *Am. Great Lakes Ports Ass'n v. Zukunft*, No. 16-cv-1019, 2021 WL 878891, at *2 (D.D.C. Mar. 9, 2021) (quoting *Ctr. for Food Safety v. Burwell*, 126 F. Supp. 3d 114, 119 (D.D.C. 2015)). If the court finds that all four prongs are met, "[i]t remains for the district court to determine what fee is 'reasonable.'" *Comm'r, INS v. Jean*, 496 U.S. 154, 161 (1990) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). The party seeking fees bears the "burden of establishing entitlement to an award and documenting the appropriate hours expended . . . and should maintain billing time records in a manner that will enable a reviewing court to identify distinct claims." *Hensley*, 461 U.S. at 437.

# IV.  ANALYSIS

As just mentioned, the EAJA requires Blanco—as the party seeking fees and costs—to show that he meets four conditions.  Here, however, the Army does not appear to contest that the third and fourth conditions are satisfied.  *See* Def.'s Opp'n at 2–8.  Blanco's entitlement to fees thus depends, first, on whether he was the "prevailing party" and, second, on whether the government's position was "substantially justified."

Taking these elements in turn, the Court first assesses whether Blanco was the "prevailing party."  The term "prevailing party" is a legal term of art whose meaning, the Supreme Court has explained, "is one who has been awarded some relief by the court." *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Hum. Res.*, 532 U.S. 598, 603 (2001).  Courts in this circuit employ a three-part test to determine whether a litigant is a prevailing party: "(1) there must be a court-ordered change in the legal relationship of the parties; (2) the judgment must be in favor of the party seeking the fees; and (3) the judicial pronouncement must be accompanied by judicial relief." *SecurityPoint Holdings, Inc. v. Transp. Sec. Admin.*, 836 F.3d 32, 36 (D.C. Cir. 2016) (quoting *Initiative & Referendum Inst. v. USPS*, 794 F.3d 21, 23–24 (D.C. Cir. 2015)).

Blanco contends that the first prong of this test is satisfied because the Court remanded his case to the ABCMR without retaining jurisdiction.  Pl.'s Mot. at 3–4; *accord* Pl.'s Mem. of P. & A. in Opp'n to Def.'s Mot. to Temporarily Stay Briefing Attorney's Fees ("Pl.'s Stay Opp'n"), ECF No. 25.  In other words, according to Blanco, he became the prevailing party the moment his case was remanded to the ABCMR and it makes no difference that he also obtained a favorable result at the agency level following remand.  *See* Pl.'s Mot. at 4; *see also* Pl.'s Reply at

2 ("Plaintiff's motion for fees was and continues to be brought based on the Court's order granting Plaintiff's requested relief before this Court.").

It is true that there are certain circumstances in which remand of an agency finding or action alone is sufficient to render a petitioner a prevailing party. The D.C. Circuit has held that when a petitioner "secures a remand terminating the case and requiring further administrative proceedings in light of agency error," the petitioner "is a prevailing party without regard to the outcome on remand." *SecurityPoint Holdings*, 836 F.3d at 39. The catch, however, is that that rule only applies in cases in which the court remands the case to the agency "*without* retaining jurisdiction." *Id.* at 38. If the court remands to the agency but "*retains* jurisdiction" then "the civil action remains ongoing, and any fee motion must await final judgment." *Id.* (emphasis added). "In such a case, the remand order is only an interim victory; final judgment will not be entered until proceedings on remand conclude, and the determination of prevailing-party status properly awaits the sequel (e.g., an outcome at the agency favorable to the plaintiff . . . or continued dispute in court)." *Id.*

Here, the premise of Blanco's petition for attorneys' fees is that the Court did not retain jurisdiction over this case once it remanded the matter to the ABCMR. *See* Pl.'s Mot. at 3–4; *see also* Pl.'s Stay Opp'n at 1. That premise is flawed. Although the Court did not explicitly retain jurisdiction, its remand order specifically instructed the agency to reconsider Blanco's claims within 180 days. *Blanco*, 2023 WL 6809940, at *8. Moreover, the Court ordered the parties to submit a status report fourteen days "after the agency renders a decision" on remand. Order at 1. These actions strongly suggest that the Court did, in fact, retain jurisdiction. *Cf. United Food & Com. Workers Union, Loc. No. 227 v. U.S. Dep't of Agric.*, No. 20-cv-2045, 2022 WL 278449, at *2 (D.D.C. Jan. 31, 2022) (retaining jurisdiction and requiring periodic status reports); *Ctr. for*

*Biological Diversity v. U.S. Fish & Wildlife Serv.*, No. 22-cv-1877, 2023 WL 8190792, at *3 (D.D.C. Nov. 26, 2023) (same). That should not be altogether surprising given that "federal courts regularly retain jurisdiction until a federal agency has complied with its legal obligations." *Cobell v. Norton*, 240 F.3d 1081, 1109 (D.C. Cir. 2001); *see also Baystate Med. Ctr. v. Leavitt*, 587 F. Supp. 2d 37, 41 (D.D.C. 2008) (recognizing that courts have "discretion to retain jurisdiction over a case pending completion of a remand and to order the filing of progress reports").

The cases cited by Blanco do not counsel a different result. *See* Pl.'s Reply at 3. For instance, in *Lynom v. Widnall*, the district court agreed with the plaintiff that the Air Force Board for the Correction of Military Records had acted arbitrarily and capriciously in denying her requested relief, and thus remanded the case to the Board for reconsideration. 222 F. Supp. 2d 1, 3 (D.D.C. 2002). The court then held that, because the plaintiff had obtained the remand she desired in the underlying litigation, she was the prevailing party despite the fact that the Board subsequently denied her substantive request for relief on remand. *Id.* at 5. Critically, though, nothing suggests that the district court retained jurisdiction over the case when it remanded the action to the agency. Unlike here, the *Lynom* court did not order the agency to reconsider the plaintiff's case within a set time period, nor did it require the parties to file further reports regarding proceedings at the agency level. Other cases on which Blanco relies are similarly distinguishable. *See Gentry v. Roche*, No. 03-cv-2415, 2005 WL 3274065, at *1 (D.D.C. Aug. 31, 2005) (explaining that, in the underlying action, plaintiff sought and obtained a remand to the Air Force Board for Correction of Military Records, but saying nothing as to whether the court retained jurisdiction during the remand). As such, Blanco's cases simply stand for the proposition that a plaintiff seeking remand of agency action *may* qualify for prevailing-party

7

status upon remand *if* the court does not retain jurisdiction. *See SecurityPoint Holdings*, 836 F.3d at 37–39.

Because the Court concludes that it retained jurisdiction when it remanded Blanco's case to the ABCMR, Blanco cannot show—as he must—that the remand order effectuated a "court-ordered change in the legal relationship of the parties."[1] *Id.* at 36. As a result, Blanco may not claim prevailing-party status based on the remand alone, and the Court need not and does not consider whether Blanco would be able to satisfy the other two prongs of the prevailing-party test. Nor need the Court definitively determine, at this stage, whether the Army's position was "substantially justified."[2] *See* 28 U.S.C. § 2412(d)(1)(A).

---

[1] Blanco's supplemental motion for attorneys' fees does not advance any other arguments for why he is entitled to fees under the EAJA. It simply seeks an additional sum "based on the additional hours expended in this case since the filing of [his initial] motion." Pl.'s Suppl. Mot. at 1. It is, therefore, denied.

[2] That said, the Court has taken an initial look at the parties' positions on this front and believes that Blanco's is stronger. The Army bears the burden of showing that the government's position—both at the administrative level and in this Court—was substantially justified. *See Role Models Am., Inc. v. Brownlee*, 353 F.3d 962, 967 (D.C. Cir. 2004). In its initial decision, the Court explained that the ABCMR's decision was arbitrary and capricious because that body had utterly failed to address certain of Blanco's arguments "that appear[ed] to be non-frivolous and potentially meritorious." *Blanco*, 2023 WL 6809940, at *8. Though the ABCMR "acknowledged many of [Blanco's] arguments," it "fail[ed] to address or resolve those arguments in any discernible way in its analysis." *Id.* at *6 (quoting *Albino v. United States*, 78 F. Supp. 3d 148, 167 (D.D.C. 2015)). That is significant because the ABCMR is required to "address a plaintiff's non-frivolous, material arguments." *Id.* at *5 (collecting cases) (quoting *Albino*, 78 F. Supp. 3d at 167). The ABCMR need not explain itself with "analytic precision," *id.* (quoting *Poole v. Harvey*, 571 F. Supp. 2d 120, 124 (D.D.C. 2008)), but it must, at minimum, articulate "a rational connection between the facts found and the choice made," *id.* (quoting *Dickson v. Sec'y of Def.*, 68 F.3d 1396, 1404 (D.C. Cir. 1995)).

The ABCMR failed to satisfy that bare minimum requirement. And because the ABCMR declined to meaningfully respond to the arguments and evidence presented by Blanco, the Court believes it would likely find that the agency's actions "so obviously def[ied] the requirements of the APA" that they cannot be said to have been "substantially justified" under the EAJA. *See Fed. Election Comm'n v. Rose*, 806 F.2d 1081, 1089 (D.C. Cir. 1986); *see also SecurityPoint Holdings*, 836 F.3d at 40 (finding that agency's apparent "indifference" and failure to address "several serious points" raised by plaintiff were "sufficiently beyond ordinary 'arbitrary and capricious' agency action [so as] to qualify as lacking substantial justification"); *Citizens for*

It is worth emphasizing the limits of this opinion. Blanco's present claim to attorneys' fees is based entirely on this Court's remand of his case to the ABCMR. The ABCMR has since awarded Blanco the ultimate relief he sought—that is, it "order[ed] the removal of derogatory information from his records and the convening of a Special Selection Board to consider him for promotion without the information in his record." Pl.'s Reply at 2. Nonetheless, Blanco expressly disclaims any entitlement to attorneys' fees based on the fact that he has now prevailed on remand. He states that, "[t]o be clear, Plaintiff's motion for attorneys' fee[s] pursuant to [the] EAJA is *not* brought based on the [ABCMR's] decision to grant Mr. Blanco relief following remand." *Id.* Rather, in his words, "Plaintiff's motion for fees was and *continues to be brought based on the Court's order granting Plaintiff's requested relief before this Court*." *Id.* (emphasis added). Accordingly, the Court has only considered whether Blanco is entitled to attorneys' fees on that basis. The Court is willing, however, to consider a renewed petition for attorneys' fees based on Blanco's subsequent victory at the agency level following remand.

## V. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Attorneys' Fees and Expenses (ECF No. 22) is **DENIED**; and Plaintiff's Supplemental Motion for Attorneys' Fees and Expenses (ECF No. 30) is **DENIED**. An order consistent with this Memorandum Opinion is separately and contemporaneously issued.

Dated: August 27, 2024                                                                       RUDOLPH CONTRERAS
                                                                                             United States District Judge

---

*Resp. & Ethics in Wash. v. Nat'l Archives & Recs. Admin.*, No. 20-cv-739, 2022 WL 2064831, at *4 (D.D.C. June 8, 2022) (finding agency's position not substantially justified where agency gave, "at best, cursory treatment to a statutory and regulatory factor essential to its decisionmaking and to substantial comments directed to that factor").